UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO.  06-464

PROGRESSIVE NORTHERN INSURANCE COMPANY,                          PETITIONER


v.                                    **OPINION & ORDER**


NOLAN CONSTRUCTION & CONTRACTING, INC.
DONALD R. NOLAN, SR., CHRISTOPHER W. JONES,
TIFFANY HENSON, and MORGAN WAGERS, a minor                      RESPONDENTS.

* * * * * * * * *

This matter is before the Court on the Motions to Dismiss of the Respondents Nolan

Construction & Contracting, Inc. and Donald R. Nolan, Sr. (Rec. No.12); the Motion to Dismiss of the

Respondents Tiffany Henson and Morgan Wagers (Rec. No.14)  and the Motion for Hearing filed by

Nolan Construction & Contracting, Inc. (Rec. No. 13).  For the following reasons, the Court will DENY

these motions.

  **I.    FACTS.**

Petitioner Progressive Northern Insurance Company ("Progressive") issued an insurance policy

to Nolan Construction & Contracting, Inc. ("Nolan Construction").  On or about November January 20,

2006, Respondent Donald R. Nolan, Sr. requested in writing that Nolan Construction employee

Christopher W. Jones ("Jones") be removed from the policy as a rated driver.

Later, on April 21, 2006, Jones was driving a vehicle insured under Nolan Construction's

insurance policy with Progressive.  Jones wrecked into a vehicle driven by Respondent Henson.

Progressive filed this action under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a

declaration that Nolan Construction, Donald R. Nolan, Sr. and Christopher W. Jones are not entitled to

insurance coverage for any damages arising from the accident; that Progressive is entitled to recover

from Nolan Construction any money it has paid or cost it has incurred relating to the accident; and that

Progressive has not acted in bad faith or violated the Kentucky Unfair Claims Settlement Practices Act,

KRS 304.12-230.

Respondents Henson and Wagers counterclaim, asking the Court to enter a judgment that they

are entitled to the full protection and benefit of coverage contained in the insurance policy.

This matter is the subject of an action now pending in Clay Circuit Court, Kentucky in which

Respondents Henson and Wagers assert claims against Nolan Construction and Jones for injuries they

allegedly sustained from the accident.

These facts relevant to the motions before the Court are brief and undisputed.  Accordingly, the

Court will deny Nolan Construction's Motion for Hearing on this matter.

**II.      ANALYSIS.**

In deciding whether to exercise its discretionary jurisdiction under the Declaratory Judgment

Act, 28 U.S.C. § 2201, this Court should consider the following factors:

(1)      whether the declaratory action would settle the controversy;

(2)      whether the declaratory action would serve a useful purpose in clarifying the legal
         relations in issue;

(3)      whether the declaratory remedy is being used merely for the purpose of 'procedural
         fencing' or 'to provide an arena for a race for res judicata;'

(4)      whether the use of a declaratory action would increase friction between our federal and
         state courts and improperly encroach on state jurisdiction; and

(5)      whether there is an alternative remedy which is better or more effective.

*Aetna Casualty & Surety Co. v. Sunshine Corp.*, 74 F.3d 685, 687 (6th Cir. 1996).

This declaratory judgment action would settle the issues in controversy in this litigation: Progressive's duty to defend Nolan Construction in the action by Henson and Wagers; Progressive's obligation to pay Henson and Wagers if Nolan Construction or Jones is found liable; and the issue of whether Progressive acted in bad faith. There is no evidence in the record that these issues are being litigated in the state court action. Rather, the Court assumes that the state court action involves the issues of whether Nolan Construction or Jones is liable for the damages to Henson and Wagers and, if so, the amount of damages. Progressive is not a party to that suit. Instead, it simply issued the insurance policy to Nolan Construction covering Nolan Construction's liability for certain damages arising from vehicle accidents Thus, the facts regarding the underlying personal injury case in state court will not be relevant to this action.

Further, the declaratory judgment would serve a useful purpose in clarifying Progressive's obligations to Nolan Construction. "Indeed, a declaratory judgment action is an appropriate avenue to determine whether an insurer has a duty to defend or indemnify an insured." *TIG Insurance Co. v. Merryland Childcare and Development Center,* Inc., 2005 WL 1923115 (W.D. Tenn. 2005) (quoting *NGK Metals Corp. v. National Union Fire Ins. Co.*, 2005 WL 1115925, at *2 (E.D. Tenn. 2005). "The grant of declaratory relief in insurance coverage cases undoubtedly settles the controversy over the insurer's liability to provide a defense for and/or indemnify its insured, thus clarifying the legal relations in issue." *Allstate v. Green*, 825 F.2d 1061, 1066 (6th Cir. 1987).

This action is not merely being used as a "race to res judicata" or for "procedural fencing." Again, this action will not resolve any of the legal issues in the state court action.

In determining the fourth factor, the Court is to consider "1) whether the underlying factual issues are important to an informed resolution of the case; 2) whether the state trial court is in a better position to evaluate the factual issues than is the federal court; and 3) whether there is a close nexus

3

between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory action." *Northland Ins. Co. v. Steward Title Guar. Co.,* 327 F.3d 448, 453 (6th Cir. 2003)(citation omitted).  Again, this Court is aware of no factual issues raised in the state action that are important to the resolution of the questions at issue in this federal action.  Accordingly, a declaratory judgment in this action would not encroach on state jurisdiction.  Moreover, there is no risk of conflicting or inconsistent state and federal rulings since the same issues are not being litigated in both forums.

Finally, the Court is aware of no remedy other than a federal declaratory action that would necessarily be better or more effective in resolving this controversy.  Accordingly, in its discretion, the Court accepts jurisdiction over this action.

**III.    CONCLUSION.**

For all these reasons, the Court hereby ORDERS as follows:

1)     the Motion to Dismiss (Rec. No. 12) filed by Nolan Construction & Contracting, Inc. and Donald R. Nolan, Sr. is DENIED;

2)     the Motion for Hearing (Rec. No. 13) filed by  Nolan Construction & Contracting, Inc. and Donald R. Nolan, Sr. is DENIED; and

3)     the Motion to Dismiss (Rec. No. 14) filed by Henson and Wagers is DENIED.

This the 25th day of April, 2007.



**Signed By:**

*__Karen K. Caldwell__*

**United States District Judge**